UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN OGLESBY JR,<br><br>　　　　Petitioner,<br><br>v.<br><br>R.L. MORRISON, Warden, Duluth Federal Prison Camp, and the Federal Bureau of Prisons<br><br>　　　　Respondent. | Civil No. 06-847 (MJD/JSM)<br><br><br>**REPORT AND RECOMMENDATION** |

JANIE S. MAYERON, United States Magistrate Judge

　　　　This matter is before the undersigned Magistrate Judge of the District Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that the Bureau of Prisons ("BOP") has wrongly determined the date when he should be transferred from prison to a Residential Reentry Center ("RRC"),[1] and that the BOP should be required to grant him consideration for additional RRC time in accordance with 18 U.S.C. § 3621(b) and without regard to 28 C.F.R. §§ 570.20 and 570.21.  The matter has been referred to this Court for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, this Petition should be granted in part and denied in part.

　　　　Petitioner is currently incarcerated in the Duluth Federal Prison Camp in Duluth, Minnesota.  He is serving a 59-month sentence for Bank Fraud and Violation of Supervised Release.  Pet.'s Memo at 2.  His projected release date is August 22, 2007.  Kinyon Decl.

---

[1]　　　　Until recently, RRCs were known as Community Corrections Centers ("CCCs") and commonly referred to as halfway houses.

at ¶ 3.  Petitioner's original RRC placement, based on 28 C.F.R. §§ 570.20 and .21, was March 20, 2007.  Id. at ¶ 4.  Petitioner requests that the Court order the BOP to consider transferring him to a RRC for the last six months of his confinement, issue a declaratory judgment finding §§ 570.20 and .21 invalid, and find that the BOP is collaterally estopped from using §§ 570.20 and .21.  Petition at 6.

At issue in this case is the propriety of regulations enacted by the BOP to address the transfer of inmates to RRCs or home confinement prior to release from custody from prison.

18 U.S.C. § 3624(c) states:

> The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be served under conditions that will afford the Prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community.

18 U.S.C. § 3621(b) directs the BOP to consider the following factors in determining whether to place an inmate in a RRC or in home confinement:

1) the resources of the facility contemplated;
2) the nature and circumstances of the offense;
3) the history and characteristics of the prisoner;
4) any statement by the court that imposed the sentence –
   A. concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
   B. recommending a type of penal or corrections facility as appropriate; and
5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

On February 14, 2005, the BOP adopted 28 C.F.R. §§ 570.20 and .21, which categorically limited an inmate's eligibility for pre-release to community confinement to the last ten percent of the prison sentence being served, not to exceed six months.

On April 6, 2006, the Eighth Circuit declared §§ 570.20 and .21 invalid and in conflict with 28 U.S.C. § 3621(b). <u>Fults v. Sanders</u>, 442 F.3d 1088, 1092 (8th Cir. 2006). The Eighth Circuit held that the BOP may not categorically determine the amount of time that a prisoner will be allowed to spend in community confinement but, in order to comply with 28 U.S.C. § 3621(b), must instead exercise its discretion on a case-by-case basis and consider the particular circumstances of the individual prisoner.

With respect to Petitioner, the BOP did not initially consider the circumstances relating to the individual inmate, but instead made a simple calculation to determine that March 20, 2007 is the date that starts the last ten percent of his sentence, and is therefore his RRC placement eligibility date. Kinyon Decl. at ¶ 4. Pursuant to <u>Fults</u> the BOP is required to make an individualized determination and cannot exercise "categorical discretion". The method used by the BOP to determine Petitioner's RRC placement date was not a proper exercise of its discretion, and the Petitioner is therefore entitled to reconsideration of his RRC eligibility date by the BOP, without regard to 28 C.F.R. §§ 570.20 and 21.[2]

**RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

The Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be GRANTED. Petitioner's RRC determination shall be based on the BOP's pre-2002

---

2   In other responses to similar petitions filed by the Government since the <u>Fults</u> decision, the Government has indicated it will not only disregard §§ 570.20 and 21 in its RRC determination, but that it will make its determination 11-13 months before the inmate's sentence is scheduled to terminate, pursuant to Program Statement 7310.04.

policy and without regard to 28 C.F.R. §§ 570.20 and .21.

Dated:       August 2, 2006

*s/ Janie S. Mayeron*
JANIE S. MAYERON
U.S. Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 21, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.